UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | § § § § | |
| Plaintiff, VS. | § § § | CIVIL ACTION NO. 3:13-CV-446 |
| SANDRA MOHEDANO, *et al*, | § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Motion for Attorneys' Fees and Brief in Support. Dkt. 63. The Court had earlier granted Plaintiff, Unum Life Insurance Company of America's ("Unum") cross-motion for summary judgment while denying Defendants, Sandra Mohedano and Robert Mohedano's (together, "Mohedano") cross-motion in an ERISA action. Dkt. 60. A Final Judgment followed, terminating the case.[1] Dkt. 61. Unum now seeks to recoup attorneys' fees expended while litigating the following: (1) the interpleader of Life Benefits ($10,492.50); and (2) the appeal of its denial of

---

[1] Defendant Robert Mohedano filed a Response to Plaintiff's Motion for Attorney's Fees and Bill of Costs (Dkt. 68) as well as a Motion for New Trial (Dkt. 69). Robert Mohedano subsequently filed his Notice of Withdrawal of Motion for New Trial and Response to Plaintiff's Motion for Attorneys' Fees. Dkt. 74. A Notice of Plaintiff's Settlement with Defendant Robert Mohedano soon followed. Dkt. 76. Unum's Reply Brief in Support of its Bill of Costs and Motion for Attorneys' Fees argues that its motion should be deemed to be unopposed. 75. According to Unum, Local Rule 7.4 of the United States Southern District requires this outcome because the sole remaining Defendant, Sandra Mohedano failed to respond. Given the protracted post-judgment procedural posture, however, the Court takes judicial notice of the Certificate of Conference in Unum's motion for attorneys' fees. The Certificate notes that the Defendants are opposed to the requested relief. Dkt. 63, p. 20. The Court therefore takes judicial notice that Sandra Mohedano was in fact opposed to the motion.

Accidental Death and Dismemberment ("AD&D") Benefits ($76,683.50). It is undisputed that Unum is the successful party in this litigation. Nevertheless, based on the applicable law, the motion for attorneys' fees is **DENIED**. The reasons for the ruling are explained below.

Under ERISA, a "court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). This fee-shifting provision is a statutory exception to the 'American Rule,' wherein "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). The text of the statute confers broad discretion upon district courts as it provides no factors relevant to the decision.[2] *See* 29 U.S.C. § 1132(g)(1). The only prerequisite is that the party to which the fees and costs are allowed achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254 (2010). The Fifth Circuit has provided "guidelines to assist [district courts] in exercising their discretion." *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980). These factors include:

(1) the degree of the opposing parties' culpability or bad faith;

(2) the ability of the opposing parties to satisfy an award of attorneys' fees;

---

[2] Unum makes separate arguments to recover attorneys' fees for the interpleader action and the denial of benefits claim. In doing so, it cites to a Southern District case stating that "fees and costs generally will be awarded to a disinterested stakeholder required to participate in a dispute not of his own making." *Conn. Gen. Life Ins. Co. v. Thomas*, 910 F. Supp. 297, 305 (S.D. Tex. 1995). Here, however, Unum's "disinterested stakeholder" status is comingled with its status as a claimant seeking declaratory relief that it was not required to pay the AD&D benefits. *See* Dkt. 1. The Court therefore applies the appropriate caselaw below to both claims, considered jointly.

(3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;

(4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and

(5) the relative merits of the parties' positions.

*Id.* According to the Fifth Circuit, the consideration of these factors is discretionary. *1 Lincoln Fin. Co. v. Metro. Life Ins. Co.,* 428 F. App'x 394, 396 (5th Cir.2011) (per curiam) (unpublished).

Finding the factors useful, the Court considers each of them in turn and finds that Unum is not entitled to recover attorneys' fees. First, there is no evidence that Defendants' appeal of Unum's denial of benefits was done in bad faith. The Mohedanos put forth a colorable argument that Unum could have granted the AD&D benefits. It is of no moment that the Court ultimately found that Unum did not abuse its discretion in determining otherwise. Second, payment of attorneys' fees would likely prove to be an onerous burden upon Ms. Mohedano given the net benefits received. Third, the Court does not find that a reprieve from paying attorneys' fees would deter future beneficiaries from appealing the denial of benefits. Fourth, Unum's claim sought to benefit all beneficiaries in only the most generalized terms. Nor did the cross-motions for summary judgment require the Court to resolve any legal question regarding ERISA. Instead, they required the Court to apply established law to a unique set of facts. Finally, and related to the first factor, both parties presented cogent arguments in support of their claims.

For the foregoing reasons, Unum's Motion for Attorneys' Fees is **DENIED**.

SIGNED on May 19, 2017 at Galveston, Texas.

George C. Hanks, Jr.
United States District Judge